Lavin v. Wells Brothers Co., 204 Ill. App. 303.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

GUARANTY, § 28*—*when guarantor is estopped to claim that obligation of is discharged.* Where the defendant had in writing guaranteed the payment of a dividend on certain stock certificates during the lifetime of the plaintiff, and had paid same semiannually as declared for a period of eight years, *held* that the parties having so put their own construction on the obligation the defendant could not be heard to contend that such obligation was discharged by the payment of one dividend only, in an action to recover for subsequent unpaid dividends.

———————

## Martin Lavin, Administrator, Appellee, v. Wells Brothers Company, Appellant.

### Gen. No. 20,799.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 12, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Martin Lavin, administrator of the estate of Thomas Lavin, deceased, petitioner, against Wells Brothers Company, respondent, based upon an award in favor of the petitioner under the Workmen's Compensation Act of 1911. From a judgment for the petitioner for $3,500, on a trial without a jury in the Superior Court of Cook county upon appeal, respondent appeals.

The deceased was employed by the respondent as a laborer in a building being constructed by respondent

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as a contractor. He was working on the first floor of the building, carrying boards used to build a shanty around a motor. There were several unguarded openings in this floor. When last seen alive he was walking along the first floor carrying planks, and appeared to be looking for other planks. Ten or fifteen minutes later he was found in the basement suffering from injuries from which he died four days later. The evidence tended to show that the earnings of deceased were $17.23 per week.

F. J. Canty and Zimmerman, Meyers & Garrett, for appellant.

Gorman, Pollock, Sullivan & Livingston, for appellee.

Mr. Justice Dever delivered the opinion of the court.

## Abstract of the Decision.

1. Workmen's Compensation Act, § 12*—*when evidence tends to show that death arose out of course of employment.* Evidence *held* to tend to show that the injuries and death of petitioner's intestate arose out of his employment, in proceedings for compensation under the Workmen's Compensation Act of 1911.

2. Workmen's Compensation Act, § 10*—*when dependency need not be shown.* Under section 4 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5452), where a deceased employee has contributed to any of the lineal heirs referred to in paragraph A, it is sufficient to authorize a recovery whether such person or persons were dependent upon the deceased for a support or not.

3. Workmen's Compensation Act, § 10*—*when dependency must be shown.* Under paragraph B of section 4 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5452), dependency for support upon the deceased must be shown to authorize a recovery in the interest of his collateral relatives.

4. Workmen's Compensation Act—*when compensation allowed to aliens.* Compensation is allowable under the Workmen's Com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pensation Act of 1911 to parents of a deceased employee notwithstanding they are nonresident aliens.

5. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence tends to show contribution to support of parents.* Evidence *held* to tend to show the deceased had contributed to the support of his parents within five years prior to his death, in proceedings for compensation under the Workmen's Compensation Act of 1911.

6. WORKMEN'S COMPENSATION ACT, § 12*—*when coroner's verdict is admissible in evidence.* The verdict of a coroner's jury *held* properly admitted in evidence, in proceedings for compensation under the Workmen's Compensation Act of 1911.

7. WORKMEN'S COMPENSATION ACT, § 8*—*when evidence is sufficient to sustain an award of compensation for death.* In proceedings for compensation for the death of an employee under the Workmen's Compensation Act of 1911, evidence *held* sufficient to sustain an award of $3,500 where the employee had been earning the average weekly wages of $17.23.